*745 OPINION.
Smith:
This appeal presents the question of the proper treatment to be accorded an amount of $149,763.01 representing depreciation on the petitioner’s plant, which was paid to it in 1923 by the United States Shipping Board Emergency Fleet Corporation under certain contracts between the corporation and the petitioner. The contracts giving rise to the claim for the amount provided that depreciation should be an element in determining the cost of the ships to be built by petitioner whereby the United States was to pay the cost of the construction of the ships plus a fixed fee. The amount was allowed by the Emergency Fleet Corporation in 1923 specifically as “ depreciation.” The Commissioner in determining the deficiency has called the entire allowance for depreciation “ obsolescence.”
*746 The applicable provisions of the taxing statute are as follows:
That in the case of a corporation subject to the tax imposed by section 230 the term “ net income ” means the gross income as defined in section 233 less the deductions allowed by section 234, and the net income shall be computed on the same basis as is provided in subdivision (b) of section 212 or in section 226. (Section 232, Revenue Act of 1918.)
(b) The net income shall be computed upon the basis of the taxpayer’s annual accounting period * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income. * * * (Section 212, Revenue Act of 1918.)
(a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions :•
* * * * * * *
(7) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence;
(8) In the case of buildings, machinery, equipment, or other facilities, constructed, erected, installed, or acquired, on or after April 6, 1917, for the production of articles contributing to the prosecution of the present war, and in the case of vessels constructed or acquired on or after such date for the transportation of articles or men contributing to the prosecution of the present war, there shall be allowed a reasonable deduction for the amortization of such part of the cost of such facilities or vessels as has been borne by the taxpayer, but not again including any amount otherwise allowed under this title or previous Acts of Congress as a deduction in computing net income. * * * (Section 234, Revenue Act of 1918.)
We think that it is immaterial that the allowance was designated by the Emergency Fleet Corporation as depreciation and by the Commissioner as obsolescence. It meets all the tests of the allowance provided by the statute for amortization, and we think that subdivision (8) of section 2S4 of the Revenue Act of 1918, above quoted, is applicable.
Deficiencies before us relate to the years 1918, 1919, and 1920. In his deficiency letter the Commissioner has related the $149,763.01 received by the petitioner in 1923 back to the years 1918, 1919, and 1920, and has apportioned the amount to the three years in the same ratio as the $50,236.99 allowed as depreciation by the Emergency Fleet Corporation was apportioned. No question is raised by this appeal as to the correctness of this allocation provided the $149,763.01 is to be considered as in anywise affecting the tax liability for the years 1918, 1919, and 1920.
In his deficiency letter the Commissioner increased gross income for the years 1918, 1919, and 1920, by the $149,768.01 in question, apportioned as above indicated. At the hearing counsel for the *747 Commissioner admitted that this was in error, and contended that the gross income should not have been increased but that the allowance for obsolescence or amortization should have been reduced in like amount, and that the net incomes, as shown by the deficiency letter, were correct.
We think that the position of the Commissioner with respect to this matter is correct. It is thoroughly in line with the reasoning of the Board in the Appeal of G. M. Standifer Construction Corporation, 4 B. T. A. 525, where a different conclusion was reached solely for the want of such facts as are here presented. In that appeal the award from the Emergency Fleet Corporation was a lump sum settlement of a great many totally dissimilar claims, to which no allocation. of the award was attempted in the settlement agreement, or was possible thereafter. We find the following language in the opinion:
Whether the Government contracts tinder which a taxpayer produced articles contributing to the prosecution of the war specifically provided for amortization as such or, in other words, provided that the Government would pay the cost, or any part thereof, of the facilities acquired or constructed by a taxpayer in order to carry out the contracts, seems to us to be not controlling. The real question is: Did the Government actually pay or bear the expense of any part of the cost of such facilities'? If it did, such part of the cost borne by the Government must be subtracted from the cost of facilities acquired by the taxpayer upon which the amortization deduction is allowed. There is no deduction allowed to a taxpayer with respect to such part of the cost of facilities which was not borne by him. Whether such cost of facilities was actually borne by the Government originally when the facilities were acquired, or whether it was borne by the Government subsequently when the settlements of the contracts were made between the Government and the taxpayer, is immaterial. We believe that the contention of the Government in this regard, as a matter of law, is well founded, but whether such principle is applicable to the facts in this case presents more difficulty
* * * * * * *
It does not necessarily follow that, because the Standifer Corporation made a claim for reimbursement of a part of the cost of facilities, any part of such claim was allowed in the final lump sum settlement. The taxpayer filed claims exceeding $11,000,000. Included therein were damages for breach of contract, settlement for facilities, and various other claims. * * *
From a consideration of all the evidence, we are of the opinion that no part of the cost of the facilities on which amortization is allowable can be considered to have been borne by the Government, and that the taxpayer is entitled to the deduction for amortization without reduction of the cost of facilities by any part of the amount of the settlement with the Fleet Corporation.
In the case before us, the claim was for a specific amount for depreciation of property as an element of cost of the ships, and that claim was allowed for $200,000, less $50,236.99 theretofore allowed.
*748 The contentions of the petitioner that the claim against the Emergency Fleet Corporation had. no determinable value during the years 1918,1919, and 1920, that under a strict legal construction of the contracts no recovery could ever have been had, and that the petitioner never accrued any amount in respect of the claims on its books, are either not proven or are not material. The fact is that an amount representing depreciation with the identical status of that previously determined as a part of the cost of the vessels was actually received. We believe that time is not of the essence, and that the additional amount received in 1923 was a part of the cost of construction of the plant not borne by the petitioner and is not deductible as depreciation, obsolescence, or amortization under the Revenue Act of 1918.

Judgment will be entered on 15 days' notice, under Rule 50.

Milliken and Van Fossan not participating.